UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at LEXINGTON)

| | |
|---|---|
| SHILEKA P. HILL, | |
| Plaintiff, | Civil Action No. 5: 23-CV-155-CHB |
| v. | |
| SHIFT COMMAND MILLS, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Shileka P. Hill is currently confined at the Fulton County Detention Center in Hickman, Kentucky. Proceeding without an attorney, Hill has filed an Amended Complaint against officials at the Fayette County Detention Center ("FCDC") pursuant to 42 U.S.C. § 1983. [R. 9]. By prior order, the Court granted Hill's motion to proceed without prepayment of the filing fee. [R. 12]. Thus, this matter is now before the Court to conduct a preliminary review of Hill's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *see also* Fed. R. Civ. P. 8. Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997). At this stage, the Court accepts Hill's factual

allegations as true and liberally construes Hill's legal claims in her favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

The Court evaluates Hill's Amended Complaint under a more lenient standard because she is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). However, while the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.").

In her Amended Complaint, Hill alleges that on January 28, 2023, Shift Command Cheeks removed another inmate from Hill's cell after that inmate said she did not feel comfortable being housed with Hill. [R. 9, p. 2]. Hill states that another officer "who didn't know facts" then told Hill to pack up because she was being relocated to another unit. *Id*. According to Hill, the officer further explained that Hill was not classified and, due to the "keep separate" rule, Hill had to be moved. *Id*. Hill alleges that, after she packed up, she walked out of the unit and began to explain that she was charged and sentenced in Fayette County, but she "was told to shut the (f) up." *Id*. Hill alleges that she told the officer that "I have a freedom of speech (she violated my First Amendment right)." *Id*. at p. 3–4.

According to Hill, after Hill complied with the officer's instructions to turn around and put her hands behind her back, the officer applied handcuffs, twisted Hill's arm, and bent her arms up towards her neck. *Id*. at p. 4. Hill states that, after Hill pulled away, the officer called Mills on her radio. *Id*. Hill then alleges that, while Mills escorted her to another unit, Mills forced her arms

2

towards her neck (while she was still in handcuffs), pushed her forcefully, threw her into a wall, and said that Hill is "just an inmate." *Id*. Hill further alleges that "[t]he women were also bending and twisting my arm" and she told them that she was pressing charges. *Id*. According to Hill, she was given an x-ray and quickly removed from the facility. *Id*. She further alleges that, while she "was given a disciplinary action to try to cover the assault," she has been in and out of the FCDC since she was 18, and in 23 years, she has "never had combative, assaultive behavior," and she "[hasn't] even had 10 disciplinary actions." *Id*. She states that Officer Quinette has known her for several years and knew that she has never been disruptive. *Id.*

Based upon her allegations that excessive force was used against her, Hill claims that her rights under the Eighth Amendment were violated. *Id*. at 5. She also brings a claim for the violation of her First Amendment right to freedom of speech. *Id*. Her Amended Complaint identifies Shift Command Mills, Sgt. Mondelli, Sgt. Quinette, and one unknown female as Defendants. *Id*. at 2–3.

For clarification, while the caption of Hill's Amended Complaint refers to "one unknown female" as a Defendant, *id*. at 1, she does not include an "unknown female" among the Defendants listed in the body of her complaint. *Id*. at p. 2–3. Even so, the Court notes that Hill's allegations are that a female officer told her to "shut the (f) up" and used excessive force against Hill while she was escorting Hill to a different cell. *Id*. at 3–4. Because Hill does not provide any further information regarding the identity of this officer, the Court presumes that her identity is unknown and will construe these claims as being alleged against the "one unknown female" (or Officer Jane Doe) identified as a Defendant in the caption of Hill's Amended Complaint. Because this is the only Doe Defendant referenced in her Amended Complaint, the Court will direct the Clerk of the

3

Court to update the docket to reflect that the Defendant currently identified as "John Does" is actually one "Jane Doe."

After reviewing the Amended Complaint pursuant to 28 U.S.C. §§ 1915, 1915A, the Court finds that Hill's Eighth Amendment claims are sufficient to require a response from Mills and Officer Jane Doe based upon her allegations of the use of excessive force against her while she was being escorted from her cell. Because Hill is a prisoner proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will serve Mills with a summons and copy of the Amended Complaint on her behalf.  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

However, with respect to Officer Jane Doe, when service of process by federal marshals is executed pursuant to Fed. R. Civ. P. 4(c)(3), the plaintiff bears the initial responsibility of identifying the defendants with sufficient particularity for the marshals to attempt service. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). The information provided by Hill does not satisfy this burden. Accordingly, Hill is advised of Rule 4(m) of the Federal Rules of Civil Procedure, which provides, in part:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). Hill is hereby on notice that if Officer Jane Doe is not named and served within 90 days from the date of this Order, Hill's claims against her shall be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

The remainder of Hill's Amended Complaint will be dismissed for failure to state a claim for which relief may be granted. Hill's First and Eighth Amendment claims are brought pursuant to 42 U.S.C. § 1983. A defendant's personal liability in an action brought pursuant to 42 U.S.C. § 1983 hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's

4

civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325–26 (1981). Federal notice pleading requires that, at a minimum, the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him or her. *Iqbal*, 556 U.S. at 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights." *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F.3d at 471; *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Hill makes no allegations of any conduct by Sgt. Mondelli, thus she fails to allege any constitutional claim against him or her. Similarly, her only allegation against Sgt. Quinette is that he or she knew that Hill had never been disruptive in her prior time at the FCDC. However, mere knowledge that Hill was not previously disruptive, even if true, fails to suggest that Sgt. Mondelli did or did not do anything in violation of Hill's constitutional rights.

Hill's remaining claim is that her First Amendment right to freedom of speech was violated when Officer Jane Doe told her to "shut the (f) up." [R. 9, pp. 3–4, 5]. However, Hill's allegation that she was told to "shut up" on one occasion is insufficient to state a claim for violation of her First Amendment rights. While prisoners "retain some constitutional protections while incarcerated, including rights provided by the First Amendment," *Bethel v. Jenkins*, 988 F.3d 931, 938 (6th Cir. 2021) (citing *Turner v. Safley*, 482 U.S. 78, 84 (1987)), a prisoner's right to freedom of speech is, necessarily, limited by virtue of the nature of incarceration. Thus, "[b]ecause lawful incarceration necessarily limits an individual's constitutional rights while in prison, 'a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Id*. at 938 (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). Moreover, "given that 'the realities of running a penal

5

institution are complex and difficult,'" prison officials are afforded 'wide-ranging deference' in their decisions regarding prison administration and regulation as courts are generally ill-equipped to deal with these problems." *Id.* (quoting *Jones v. N.C. Prisoners' Lab. Union, Inc.*, 433 U.S. 119, 126 (1977)).

In this case, Hill's allegations do not involve application of a prison regulation that she claims violates the First Amendment rights of prisoners, but rather involves a single, isolated occasion on which she was told to "shut the (f) up" in response to Hill's attempt to explain her status to an officer who was in the process of trying to move Hill to a different cell. While the officer's conduct may have been rude and/or offensive, a single, isolated instance of being told to "shut up" by a prison guard does not violate a prisoner's constitutional right to freedom of speech. *See Johnson v. Wilkinson*, 229 F.3d 1152 (Table), 2000 WL 1175519 at *2 (6th Cir. Aug. 11, 2000) (random and isolated instances of interference with prisoner mail did not violate prisoner plaintiff's First Amendment rights) (citation omitted); *Hensley v. Kampshaefer*, No. 3:07CV-616-H, 2009 WL 69074, at *4 (W.D. Ky. Jan. 9, 2009) ("Unlimited free speech for inmates during cell searches would clearly be inconsistent with both the inmates' status as prisoners and with legitimate penological interests. Cell searches are a critical part of prison security. It would be difficult, if not impossible, for corrections officers to conduct cell searches in an orderly fashion if they were not able to tell inmates to "shut up" during the cell searches."); *see also Wofford v. Austin*, No. 1:16-CV-1145, 2016 WL 6275340, at *3 (W.D. Mich. Oct. 27, 2016) (prisoner's allegations of verbal harassment by prison officials fail to state a First Amendment claim, as "[c]ourts routinely have rejected claims of constitutional violations based solely on verbal harassment") (collecting cases).

For these reasons, while the Court finds that Hill's allegations regarding the use of excessive force against her in violation of the Eighth Amendment are sufficient to warrant a

response from Mills and Officer Jane Doe, the remainder of her Amended Complaint will be dismissed for failure to state a claim for which relief may be granted.

Accordingly, it is **ORDERED** as follows:

1. The Clerk of the Court **SHALL UPDATE** the docket to reflect that the Defendant currently identified as "John Does" is "Officer Jane Doe;"

2. Hill's claims against Sgt. Mondelli and Sgt. Quinette and her First Amendment claim against Officer Jane Doe as alleged in her Amended Complaint **[R. 9]** are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted. The Clerk of the Court shall **TERMINATE** Sgt. Mondelli and Sgt. Quinette as Defendants in this action;

3. Hill's Eighth Amendment claims against Shift Command Mills and Officer Jane Doe based upon her allegations of the use of excessive force **REMAIN PENDING**;

4. The Deputy Clerk shall prepare a "Service Packet" for service upon Shift Command Mills. This Service Packet shall include:

    a. a completed summons form;

    b. the Amended Complaint **[R. 9]**;

    c. the Order granting Plaintiff in forma pauperis status **[R. 12]**;

    d. this Order; and

    e. a completed USM Form 285.

5. The Deputy Clerk shall deliver the Service Packet to the USMS in Lexington, Kentucky and note the date of delivery in the docket;

7

6. The USMS shall makes arrangements with the appropriate officials at the Fayette County Detention Center to personally serve Defendant Shift Command Mills with a Service Packet at:

   Shift Command Mills
   Fayette County Detention Center
   600 Old Frankfort Circle
   Lexington, KY 40510

7. Hill is hereby **ON NOTICE** that if Defendant Officer Jane Doe is not named and served within 90 days from the date of this Order, her claims against Officer Jane Doe shall be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

8. Hill must immediately advise the Clerk's Office of any change in her current mailing address. **Failure to do so may result in dismissal of this case**; and

9. If Hill wishes to seek relief from the Court, she must do so by filing a formal motion sent to the Clerk's Office. Every motion Hill files must include a written certification that she has mailed a copy of it to the Defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This the 31st day of October, 2023.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY