UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| SHILEKA P. HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:23-cv-155-CHB-CJS |
| v. | ) |
| | ) |
| MARK MILLS, et al., | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This case is currently before the Court on periodic review, having been referred to the undersigned for discovery and pretrial management, including preparing proposed findings of fact and conclusions of law on any dispositive motions. (R. 17). Based on a review of the record, it will be recommended that Defendant Officer Jane Doe be dismissed as a named party to this action.

On May 19, 2023, Plaintiff Shileka Hill, proceeding *pro se*, filed a Complaint alleging that multiple Defendants violated her civil rights when she was confined at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. (R. 1). The Court conducted a preliminary review of the Complaint in accordance with 28 U.S.C. § 1915A and directed Hill to complete the E.D. Ky. 520 Civil Rights Complaint Form and file it with this Court to become the sole operative pleading in this case. (R. 8). On June 16, 2023, Hill filed an Amended Complaint identifying Shift Command Mills, Sgt. Mondelli, Sgt. Quinette, and on unknown female as Defendants. (R. 9). The Court conducted a preliminary review of the Amended Complaint, finding that Hill's Eighth Amendment claims were sufficient to require a response from Mills and Officer Jane Doe and dismissing the remaining claims. (R. 14). In doing so, the Court placed Hill on notice that it was her "initial responsibility to identify the defendants with sufficient particularity for the marshals to

attempt service" and that if she failed to identify and serve Officer Jane Doe within 90 days from the date of the Order, "her claims against Officer Jane Doe shall be dismissed pursuant to Federal Rule of Civil Procedure 4(m)." (*Id*. at Page ID 89, 93). As of the date of this Report and Recommendation, there is nothing filed in the record from Hill concerning the identity of or service for Defendant Jane Doe. Therefore, consistent with the presiding District Judge's Memorandum Opinion and Order (R. 14), Hill's claims against Officer Jane Doe should be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Accordingly,

**IT IS RECOMMENDED** that Plaintiff Shileka Hill's claims against Officer Jane Doe **be dismissed without prejudice** and that the Clerk be instructed to term Officer Jane Doe as a named party on the docket sheet.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right to appeal. *Howard*, 932 F.2d at 509. A party may respond to another's objections within fourteen (14) days of being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).

Signed this 31st day of January, 2024.



Signed By:
Candace J. Smith
United States Magistrate Judge