UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| SHILEKA P. HILL, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:23-cv-155-CHB-CJS |
| v. | ) |
| MARK MILLS, et al., | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This § 1983 action has been referred to the undersigned for discovery and pretrial management, including preparing proposed findings of fact and conclusions of law on any dispositive motions. (R. 17). The Court's March 22, 2024, Order (R. 26) directed Plaintiff Shileka Hill to show cause by April 5, 2024, why her failure to advise the Clerk's Office of any change in her current mailing address should not result in the dismissal of this case. Plaintiff was warned that "her failure to respond to this Order will result in the undersigned recommending to the presiding District Judge that this case be dismissed based on Plaintiff's failure to comply with court orders and abandonment of her case." (*Id*.). As of the date of this Report and Recommendation, the Clerk's Office has not received any correspondence from Plaintiff. Therefore, for the reasons below, the undersigned will recommend this case be dismissed.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Shileka Hill, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on May 19, 2023, alleging that four officers violated her rights when she was confined at the Fayette County Detention Center. (*See* R. 1). At the time of filing her Complaint, Hill was confined at the Shelby County Detention Center. (*See id*.). Hill also filed a Motion for Leave to proceed *in forma pauperis* ("IFP Motion") (R. 3), accompanied by her Prisoner Trust Fund Account

Statement (R. 4).  In response to the filings, the Clerk's office entered its standard Notice to pro se filers, informing Hill that, among other things, if her mailing address or telephone number changes, she "must **immediately** file a written Notice of Change of Address form"; otherwise, "the Court might rule against [her] on a motion or dismiss [her] case."  (R. 5) (emphasis in original).

Upon preliminary review of the filings pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, the Clerk was directed to send Hill a copy of the proper forms for bringing a civil rights complaint in this District and ordered Hill to complete the forms and file them within 30 days of the Order. (*See* R. 8).  Hill was further ordered to "keep the Clerk's office informed of her current mailing address" and that if she "fails to notify the Clerk's Office, in writing, of a change in her address, the Court will dismiss her case."  (*Id*.).

Hill submitted the completed forms on June 16, 2023.  (*See* R. 9; R. 10; R. 11).  On July 5, 2023, the Court granted Hill's renewed IFP Motion and, in doing so, informed Hill that she "must immediately advise the Clerk's Office of any change in her current mailing address" and that "**[f]ailure to do so may result in dismissal of this case**."  (R. 12) (emphasis in original).  Notably, Hill heeded this warning on August 14, 2023, and filed a Notice of Change of Address, informing she had been moved to the Fulton County Detention Center and providing her new address.  (*See* R. 13).  Hill also informed that according to her "timesheet" she should be released around September 1 and would start making payment toward her filing fees.  (*Id*.).  A preliminary review of Hill's Amended Complaint was done, after which the Court on October 31, 2023, dismissed two of the four Defendants, and informed Hill that she "must immediately advise the Clerk's Office of any change in her current mailing address" and that "**[f]ailure to do so may result in dismissal of this case**."  (R. 14) (emphasis in original).

On November 21, 2023, Defendant Mark Mills filed an Answer.  (*See* R. 16).  As for the remaining Defendant, Officer Jane Doe, Hill was tasked with providing additional information as

2

to that Defendant's identity for the United States Marshal Service to attempt service. (*See* R. 14). The Court referred the matter to the undersigned for discovery and pretrial management, including preparing proposed findings of fact and conclusions of law on any dispositive motions. (*See* R. 17). On January 31, 2024, the undersigned entered a Scheduling Order (R. 20) that set deadlines to complete discovery and file dispositive motions. That same date, the undersigned entered a Report and Recommendation ("R&R") (R. 21), recommending that Hill's claims against Officer Jane Doe be dismissed without prejudice based on Hill's failure to file information pertaining to the identity of or service for Defendant Jane Doe. On March 4, 2024, the presiding District Judge adopted the R&R and dismissed Officer Jane Doe as a defendant. (*See* R. 22). On March 15, 2024, the Order adopting the R&R was returned undeliverable with the following notation: "Return to Sender Inmate Released" (R. 23), thus prompting the present periodic review. And on March 21, 2024, the Scheduling Order and R&R were returned as undeliverable, with the same notation. (*See* R. 24; R. 25).

As discussed above, according to the record the last contact the Clerk's Office received from Hill was on August 14, 2023, when she filed the Notice of Change of Address and informed that she may soon be released. All filings in the record after August 14 were sent to Hill via U.S. Mail at her updated address. The earliest filing that has been returned undeliverable is the Scheduling Order dated January 31, 2024. A handful of docket entries were made between August 14 and January 31, but those mailings have not been returned to the Clerk as undeliverable. Thus, it appears that sometime between August 14, 2023, and January 31, 2024, Hill was released from confinement or otherwise moved to a different facility and failed to update the Clerk's Office of her new address. Therefore, on March 22, 2024, the Court ordered Hill to "show cause for her failure to comply with the Orders of this Court to update the Clerk's Office as to any change of her address." (R. 26 at Page ID 121). Hill was warned that "her failure to respond to this Order

3

will result in the undersigned recommending to the presiding District Judge that this case be dismissed based on Plaintiff's failure to comply with court orders and abandonment of her case." (*Id*.). As of the date of this Report and Recommendation, the Clerk's Office has not received any correspondence from Plaintiff Hill.

## II.    ANALYSIS

A federal trial court has authority to dismiss a case under Federal Civil Rule 41(b) because of a plaintiff's failure to prosecute his claims. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-31 (1962) (holding the language in Rule 41(b) allowing for a party to move to dismiss for failure to prosecute did not implicitly abrogate the court's power to dismiss *sua sponte*).[1] "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.*; *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."); *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) ("Under the Federal Rules of Civil Procedure, Rule 41(b), the district court has the authority to dismiss a case for failure to prosecute."); *see Palasty v. Hawk,* 15 F. App'x 197, 199 (6th Cir. 2001) (citing *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999)) (noting that dismissal of claims for failure to prosecute was available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties, after certain plaintiffs failed to respond to a court order requiring filing status information).

In determining whether a case should be dismissed for failure to prosecute under Federal Rule 41(b), a court should consider the following four factors:

---

[1] Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Rogers v. City of Warren,* 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001)); *Knoll,* 176 F.3d at 363. As discussed below, a review of these factors leads to the conclusion that dismissal is appropriate in this case.

First, the Court does not know why Hill failed to notify the Clerk's Office of an address change or make a notice filing responsive to the Court's Order, but her lack of communication informing she intends to keep moving forward suggests that she has abandoned her case. To be sure, Hill did notify the Clerk's Office of her impending release sometime around September 1 or thereafter. (R. 13). But as discussed in the Court's March 22, 2024, Order (R. 26), Hill was notified repeatedly that she was obligated to keep the record updated of any change in her mailing address, otherwise, she risked dismissal of her case. She in fact heeded this warning once already and successfully notified the Clerk of a prior change in her address. (*See* R. 13). Even if Hill has now been released, she was still obligated to notify the Clerk's Office of a change in her mailing address. Her failure to do so is noncompliant with the Court's Orders. (*See* R. 26).

Second, while the prejudice to Defendant at this point may be minimal, he has expended time and funds in defending this action, including preparation and filing of an Answer to Plaintiff's Amended Complaint (R. 16). *See White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) ("[D]efendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources to defend this case."). In addition, Hill's inaction has resulted in an overall delay of the litigation. Thus, Hill's failure to move this case forward by notifying the Clerk of a change in her address, or by filing a

5

notice responsive to this Court's Orders, or by making any other filing to advance the case, has caused prejudice to Defendant.

Third, Hill has been given clear warnings that her case could be dismissed if she did not comply with the Court's directive to "show cause for her failure to comply with the Orders of this Court to update the Clerk's Office as to any change of her address." (R. 26 at Page ID 121). Indeed, Hill was warned that "failure to respond to this Order will result in the undersigned recommending to the presiding District Judge that this case be dismissed." (*Id*.). Despite this admonishment to Hill about participating in her case, nothing more has been received from her. The Sixth Circuit has stated that a party's failure to act in the face of a warning from the court that the case would be dismissed is a powerful indication of willful noncompliance. *See Lovejoy v. Owens*, 19 F.3d 1433 (unpublished table decision), No. 92-4207, 1994 WL 91814, at *2 (6th Cir. Mar. 21, 1994) (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)).

Lastly, less drastic sanctions were considered prior to recommending dismissal. Hill was ordered to take necessary action concerning her intent to prosecute this matter and notified her failure to do so could be grounds to dismiss the action. Hill failed to respond to the Court's Order, failed to notify the Clerk's Office of any change in her address, and failed to in any other way indicate that she has not abandoned her claims. Hill was expressly aware of her obligations as she did successfully notify the Clerk's Office of a prior change in her address. Under the totality of the circumstances, Hill's inaction indicates that her failure to prosecute this case is either a willful decision on her part or in reckless disregard for the effect that her conduct has upon her case; thus, dismissal is warranted. *See Link,* 370 U.S. at 629-30 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). In this instance, dismissal without prejudice is being recommended, which is a lesser sanction than is permitted under Federal Rule of Civil Procedure 41(b). *See Semtek Int'l, Inc. v.*

6

*Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). Moreover, "no alternative sanction would protect the integrity of pre-trial procedures" as Hill's actions have indicated that she does not intend to further participate in her case. *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980). By way of this Report and Recommendation, Hill can file objections should she disagree with this analysis and recommendation. Thus, given Hill's disregard for the Court's Orders and her lack of participation or communication in this matter since August 14, 2023, it will be recommended that this matter be dismissed without prejudice.

### III.    CONCLUSION AND RECOMMENDATION

As explained above, all four factors identified by the Sixth Circuit weigh in favor of dismissal of this action. Accordingly,

**IT IS RECOMMENDED** that:

1.    Plaintiff Shileka Hill's Amended Complaint (R. 9) **be dismissed without prejudice** for failure to prosecute and to comply with Orders of the Court; and

2.    this action **be stricken** from the Court's active docket.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve

the right of appeal. *Howard,* 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days after being served with a copy of those objections. Fed. R. Civ. P. 72(b).

Signed this 15th day of April, 2024.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil lexington\2023\23-155-CHB R&R to dismiss.docx