UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| SHILEKA P. HILL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:23-CV-155-CHB |
| ) | |
| v. ) | |
| ) | **ORDER ADOPTING MAGISTRATE** |
| MARK MILLS, et al., ) | **JUDGE'S RECOMMENDATION** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Magistrate Judge Candace J. Smith's Report and Recommendation ("Recommendation"). [R. 27]. After issuing an Order to Show Cause [R. 26] as to why Plaintiff Shileka Hill's failure to advise the Clerk's Office of any change in her current mailing address should not result in the dismissal of this case, to which Hill did not respond, Judge Smith issued her Recommendation that this action be dismissed without prejudice for failure to prosecute [R. 27, pp. 1, 7]. No party has filed objections to the Recommendation, and the time to do so has passed. For the reasons that follow, the Court will adopt Judge Smith's Recommendation and dismiss this action without prejudice.

On May 19, 2023, *pro se* Plaintiff Shileka Hill filed this action alleging that multiple Defendants violated her civil rights when she was confined at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. *See generally* [R. 1]. This Court conducted a preliminary review of the Complaint in accordance with 28 U.S.C. § 1915A and directed Hill to complete the E.D. Ky. 520 Civil Rights Complaint Form and file it with this Court to become the sole operative pleading in this case. [R. 8]. On June 16, 2023, Hill filed an Amended Complaint identifying Shift

Command Mills, Sgt. Mondelli, Sgt. Quinette, and on unknown female officer ("Officer Jane Doe") as Defendants. [R. 9]. On October 31, 2023, the Court conducted another preliminary review of the Amended Complaint and found that Hill's Eighth Amendment claims were sufficient to require a response from Mills and Officer Jane Doe but dismissed the remaining claims. [R. 14]. But after Hill failed to sufficiently identify Officer Jane Doe to allow the marshals to attempt service, Judge Smith recommended that Hill's claims against Officer Jane Doe be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). [R. 21]. When no objections were filed, the Court adopted the Recommendation and dismissed Officer Jane Doe from this action. *See* [R. 22].

The Court's Order at [R. 22] was, however, returned as undeliverable, along with Judge Smith's Scheduling Order [R. 20] and her Recommendation [R. 21]. *See* [R. 23]; [R. 24]; [R. 25]. Consequently, Judge Smith issued an Order to Show Cause [R. 26] as to why Hill's failure to advise the Clerk's Office of any change in her current mailing address should not result in the dismissal of this case. [R. 26]. That Order explicitly advised that Hill's "failure to respond to this Order will result in the undersigned recommending to the presiding District Judge that this case be dismissed based on Plaintiff's failure to comply with court orders and abandonment of her case." *Id.* At 3. Nevertheless, Hill did not respond, and Judge Smith issued her Recommendation that this action be dismissed without prejudice for failure to prosecute. [R. 27, pp. 1, 7].

Magistrate Judge Smith's Recommendation advised the parties that objections must be filed within fourteen days. *See id.* at 8. That period has since passed with no objections having been filed. When a party timely objects, the Court reviews *de novo* only those portions of a Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may adopt without review any portion of the report to which no objection is made. *See Thomas v. Arn*, 474

U.S. 140, 150 (1985). On review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). However, when no objections are made, this Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Nevertheless, the Court has reviewed the record and agrees with Magistrate Judge Smith's Recommendation to dismiss this action without prejudice for failure to prosecute. The Court therefore **ORDERS** as follows:

1. Magistrate Judge Smith's Report and Recommendation [**R. 27**] is **ADOPTED** as the opinion of the Court.

2. This action is **DISMISSED** without prejudice for failure to prosecute.

This the 6th day of May, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Counsel of record