UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SHILEKA P. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:23-CV-00155-CHB |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| MARK MILLS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Candace J. Smith on January 30, 2026, [R. 40], which recommends that Plaintiff Shileka P. Hill's letter, docketed by the Clerk as a Motion to Reopen Case, [R. 33], be denied, Plaintiff's letter, as construed as a Combined Motion for Leave to Amend, *id.*, be denied, and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, [R. 38], be denied. Also before the Court is Plaintiff's letter, docketed by the Clerk as Motion for 90 Day Extension of Time, [R. 41], which was postmarked and received by this Court on February 18, 2026. For the reasons set forth below, the Court will adopt the Magistrate Judge's Report and Recommendation insofar as it is not inconsistent with this Order and deny Plaintiff's request for a ninety-day extension.

In the Report and Recommendation, the Magistrate Judge first details the long factual and procedural background of this case. *Id.* at 2–7. Worth noting here, Plaintiff's original complaint in this case concerned allegations of abuse that occurred in January 2023. [R. 1, pp. 4–6]. On May 6, 2024, this Court adopted the Magistrate Judge's previous Report and Recommendation, [R. 27], and dismissed this case without prejudice for failure to prosecute under Federal Rules of Civil Procedure Rule 41(b). [R. 29]; [R. 30]. Ten months later, on March 4, 2025, Plaintiff filed her

- 1 -

letter, docketed by the Clerk as a Motion to Reopen Case. [R. 33]. On August 15, 2025, while the motion to reopen was still pending, Plaintiff filed a new complaint in a separate case before United States District Judge Karen K. Caldwell, No. 5:25-CV-00291 (hereinafter "2025 Case"). *Hill v. Mills*, No. 5:25-CV-00291-KKC, at [R. 1] (E.D. Ky. Aug. 15, 2025). In that new complaint, Plaintiff realleges the same January 2023 allegations as in the original complaint. *See id.* However, Plaintiff also includes new allegations which occurred during January to June 2025. *See id.* Judge Caldwell understandably determined that Plaintiff "intended to file her submissions in [this action] as part of her still pending request to reopen [this] matter." *Hill v. Mills*, No. 5:25-CV-00291-KKC, at [R. 5] (E.D. Ky. Oct. 6, 2025). Accordingly, Judge Caldwell directed the Clerk's Office to file the new complaint from the 2025 Case in this case and dismissed the 2025 Case without prejudice. *Id.* On October 6, 2025, that new complaint was filed in this case. [R. 36].

Before delving into the merits of the various motions, the Magistrate Judge first construes Hill's letters as motions for "(1) relief from judgement under Rule 60(b)," "(2) a request for production of certain unidentified video footage," "(3) leave to Amend Hill's Complaint" to add the new allegations concerning actions in 2025, and "(4) leave to proceed *in forma pauperis*." [R. 40, p. 7]. First, after citing and discussing the proper standard, the Magistrate Judge concludes that Plaintiff "has not presented a situation mandating that the Court permit her to continue with her original claims ten months after they were dismissed." *Id.* 7–10. Accordingly, the Magistrate Judge recommends that Plaintiff's motion for relief from judgement under Rule 60(b) be denied. *Id.* at 10. Second, the Magistrate Judge concludes that "[t]o the extent that Hill seeks the release of video footage at the institutions she was incarcerated at, she bears the burden of doing so. Thus, to the extent Hill requests that the Court recover the video, her [request] should be denied." *Id.* The Magistrate Judge also recommends that Plaintiff's Motion for Leave to Proceed *In Forma*

*Pauperis*, [R. 38], should be denied as moot because "[t]his action is closed" and she "has already been granted leave to proceed as a *pauper* in this action." [R. 40, pp. 11–12].

As noted above, given that this new complaint was transferred to this case, the Magistrate Judge understandably construes the new complaint filed in this case as a Combined Motion for Leave to Amend, to add the new 2025 allegations. *Id.* at 10. The Magistrate Judge reasoned that "to the extent Hill does seek to pursue new claims based on the alleged 2025 misconduct, this action is closed." *Id.* at 11. Accordingly, the Magistrate Judge recommends that the construed Combined Motion for Leave to Amend also be denied. *Id.* The Magistrate Judge's Report and Recommendation, filed on January 30, 2026, advised Plaintiff that any objections must be filed within fourteen days, making the final date to file objections February 13, 2026. *Id.* at 12. Plaintiff did not file any such objections. As mentioned above, on February 18, 2026, the Court received Plaintiff's letter, docketed by the Clerk as a Motion for 90 Day Extension of Time. [R. 41]. In this letter, Plaintiff requests ninety days "to be able to properly pursue this case." *Id.* She states that the ninety days will allow her to find proper counsel and obtain the video footage of her alleged assault. *Id.* However, her letter makes no mention of the additional time to file objections or otherwise respond to the Magistrate Judge's Report and Recommendation. *See id.* In fact, her letter makes no mention of the Report and Recommendation at all. *Id.* Accordingly, no objections were made.

Generally, this Court must make a de novo determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's report and recommendation are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490,

495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Report and Recommendation as to the Motion to Reopen Case, [R. 33], the request for video footage, *see id.*, and the Motion for Leave to Proceed *In Forma Pauperis*, [R. 38]. Accordingly, the Court will adopt the Report and Recommendation as to those matters.

The Court also notes that Plaintiff's allegations for conduct that occurred in January 2023 are time barred at this point, and were time barred when Plaintiff first filed the new complaint on August 15, 2025. *Jones v. Louisville/Jefferson Cnty. Metro Gov't*, 482 F. Supp. 3d 584, 591 (W.D. Ky. 2020) ("Section 1983 claims in Kentucky are subject to a one-year statute of limitations." (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990))); *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 457 (6th Cir. 2009) ("We have consistently held, however, that a dismissal of a suit without prejudice usually does not toll the statute of limitations." (citing *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987) (*per curiam*))); *Adams v. Saul*, No. CV 7:19-88-KKC, 2020 WL 7083939, at *2 (E.D. Ky. Dec. 3, 2020) ("If a lawsuit is dismissed without prejudice, the dismissal does not toll the statute of limitations." (citation omitted)); *Mouzon v. Radiancy, Inc.*, 309 F.R.D. 60, 64–65 (D.D.C. 2015) ("Plaintiffs are correct that when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice." (citation and quotation marks omitted)); *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("[A] suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." (citations omitted)).

The Court will now turn to the issue of leave to amend and the new complaint filed in this case. [R. 36]. The Court agrees with the Magistrate Judge's Report and Recommendation that

Plaintiff cannot pursue the new claims in this case which is closed. However, rather than requiring Plaintiff to file a new lawsuit as directed in the Report and Recommendation—which she ostensibly attempted to do in filing the 2025 Case—upon agreement of the judges, the Court will instead reopen the 2025 Case, have that case transferred to the undersigned's active docket, and allow Plaintiff to pursue any of the new allegations in that reopened case.

The Court agrees with the Magistrate Judge that Plaintiff's new complaint filed in the 2025 Case is "hard to decipher." For that reason, and because the complaint alleges the time-barred January 2023 allegations, the Court will order Plaintiff to file a new amended complaint in the reopened 2025 Case alleging only the new allegations occurring between January and June 2025. While the Court will deny Plaintiff's request for a ninety-day extension of time in this case, [R. 41], the Court will grant her **sixty (60) days from the entry of this order** to file that new amended complaint in the reopened 2025 Case. Plaintiff is **warned** that failure to file the complaint within that given time will result in the case being dismissed with prejudice for failure to prosecute under Federal Rules of Civil Procedure Rule 41(b). Relatedly, while the Court is denying Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* in this case, [R. 38], if Plaintiff timely files the new amended complaint in the reopened 2025 Case, she is free to then refile for *pauper* status in the reopened 2025 Case or pay the full filing and administrative fees. Plaintiff is further **warned** that failure to advise the Clerk's Office of any change in Plaintiff's current mailing address will lead to the case being dismissed with prejudice for failure to prosecute.

As detailed above, the Court will adopt the Magistrate Judge's Report and Recommendation insofar as it is not inconsistent with this opinion and reopen the 2025 Case filed by Plaintiff on August 15, 2025, No. 5:25-CV-00291, and upon order from Judge Caldwell, have that cased transferred to the undersigned's active docket. Plaintiff will have **sixty (60) days from**

**the entry of this order** to file an amended complaint in that reopened case. The Court will direct the Clerk's Office to send the Plaintiff an E.D. Ky. 520 Form for filing this new amended complaint in the reopened case.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. United States Magistrate Judge Candace J. Smith's Report and Recommendation, [**R. 40**], is **ADOPTED** as the opinion of this Court insofar as it is not inconsistent with this Order.

2. Plaintiff Shileka P. Hill's letter, docketed by the Clerk as a Motion to Reopen Case, [**R. 33**], her letter, as construed as a Combined Motion for Leave to Amend, [**R. 33**] and her Motion for Leave to Proceed *In Forma Pauperis*, [**R. 38**], are all **DENIED**.

3. Plaintiff Shileka P. Hill's letter, docketed by the Clerk as Motion for 90 Day Extension of Time, [**R. 41**], is **DENIED**.

4. This case remains **STRICKEN** from the Court's docket.

5. The **CLERK** is **DIRECTED** to send Plaintiff Shileka P. Hill the following blank forms:

    a. An E.D. Ky. 520 Civil Rights Complaint Form;

    b. An AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs; and

    c. An E.D. Ky. 523 Certificate of Inmate Account Form.

6. Although this specific case, 5:23-CV-00155, is now closed, upon agreement of the judges and by separate and contemporaneous order from Judge Karen K. Caldwell, Plaintiff Shileka P. Hill's previous case, No. 5:25-CV-00291, is to be **REOPENED** and **TRANSFERRED** to the undersigned's active docket. Plaintiff is **GRANTED**

**sixty (60) days from the entry of this Order** to file a new amended complaint in that reopened case as required by this Order. Plaintiff Shileka P. Hill must complete the Court's E.D. Ky. 520 Civil Rights Complaint Form in full, raising only those matters that occurred after January of 2025, sign it, and file it with the Court. It is important for Plaintiff to complete the E.D. Ky. 520 Form in its entirety because that completed form will replace her previous submission and become the sole operating pleading in the reopened 2025 Case, No. 5:25-CV-00291, for all purposes. Failure to do so in the given time will result in the case being dismissed with prejudice for failure to prosecute under Federal Rules of Civil Procedure Rule 41(b). Also, within **sixty (60) days** from the entry of this Order, Hill must either (a) complete and file the AO 240 and E.D. Ky. 523 Forms in order to pursue *pauper* status; or (b) pay the full $405.00 in filing and administrative fees.

7. Finally, Plaintiff Shileka P. Hill must also **INFORM** the Court, in writing, of any change in her mailing address. If Plaintiff fails to do so, then the Court will dismiss the reopened 2025 Case, No. 5:25-CV-00291, with prejudice for failure to prosecute under Federal Rules of Civil Procedure Rule 41(b).

8. The **CLERK** is **DIRECTED** to file a copy of this Order in this civil action, as well as the reopened 2025 Case, No. 5:25-CV-00291.

This the 3rd day of March, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY